1  TYLER R. ANDREWS
   Nevada Bar No. 9499
2  andrewst@gtlaw.com
   MOOREA L. KATZ
3  Nevada Bar No. 12007
   katzmo@gtlaw.com
4  GREENBERG TRAURIG, LLP
   3773 Howard Hughes Parkway, Suite 400 North
5  Las Vegas, Nevada  89169
   Telephone:  (702) 792-3773
6  Fax:          (702) 792-9002
   Attorneys for Defendants
7  *CST USA, Inc., dba Corner*
   *Store USA Holdings, Inc., et al.*
8

9              UNITED STATES DISTRICT COURT
10              FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| 11  MICHAEL R. YAZDI, individually and on behalf of all persons similarly situated, | Court Case No. |
| 12              Plaintiff, | District Court Case No.  A-15-711856-C |
| 13  vs. | District Court Dept. No.  Iv |
| 14  CST USA, INC., a Delaware corporation dba Corner Store USA Holdings, Inc.; CST BRANDS, INC., a Delaware corporation; CST REAL ESTATE HOLDINGS, LLC, a Delaware limited liability company dba CST BRANDS REAL ESTATE HOLDINGS, LLC; CST REAL ESTATE HOLDINGS, INC., a Delaware corporation; CST BRANDS HOLDINGS, INC., a Delaware corporation; CST BRANDS HOLDINGS, LLC, a Delaware limited liability company; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 (a) & (c) |
| 21              Defendants. | |

22
23    Pursuant to the provisions of 28 U.S.C. § 1441(a) & (c) and 28 U.S.C. § 1446, Defendants
24  CST USA, INC., dba Corner Store USA Holdings, Inc.; CST BRANDS, INC.; CST REAL
25  ESTATE HOLDINGS, LLC dba CST BRANDS REAL ESTATE HOLDINGS, LLC; CST REAL
26  ESTATE HOLDINGS, INC.; CST BRANDS HOLDINGS, INC.; and CST BRANDS HOLDINGS,
27  LLC ("Defendants" or "CST"), by and through their counsel, files this notice of removal from the

1

28

LV 420391820v1

1  District Court of Clark County, Nevada, to the United States District Court for the District of
2  Nevada. In support of removal, defendants state as follows:

3      1.    The above-entitled action was commenced in the Eighth Judicial District Court, in
4  and for Clark County, Nevada, Case No. A-15-711856-C and is now pending in that court ("State
5  Court Action").

6      2.    Plaintiff Michael R. Yazdi commenced the State Court Action by filing a complaint
7  ("Complaint") on January 5, 2015. (A copy of the Complaint is attached hereto as **Exhibit A**.)

8      3.    The Complaint was served on Defendants on January 21, 2015.

9      4.    No further proceedings have been filed in the State Court Action.

10      5.    On its face, the Complaint alleges that CST violated the Telephone Consumer
11  Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.

12      6.    This action is a civil action over which this Court has original jurisdiction under 28
13  U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to 28 U.S.C.
14  § 1441(a) and (c) in that it asserts alleged violations of 47 U.S.C. § 227, and therefore presents a
15  federal question.

16      7.    This Court has jurisdiction over the Complaint's claims that arise under state law
17  because a federal question predominates this action and the federal and state law claims arise from
18  the same nucleus of operative fact and comprise but one constitutional case. See 28 U.S.C. §§
19  1367, 1441(c).

20      8.    This Court is the proper venue for the removal of this action because it is the district
21  court of the United States for the district and division embracing the place where the action is
22  pending. See 28 U.S.C. § 1441(a).

23      9.    Thirty days have not elapsed since Defendants were served with the Complaint.

24      10.    Pursuant to Section 28 U.S.C. § 1441, defendant is entitled to remove this action to
25  this Court.

26      11.    A true and correct copy of this Notice of Removal is being served on all named

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

LV 420391820v1

1  parties to this suit that have lodged an appearance in the State Court Action and filed this date with
2  the Clerk of the Eighth Judicial District Court.

3  12.   If any question arises as to the propriety of this removal, Defendants request the
4  opportunity to brief any disputed issues and to present oral argument in support of their position that
5  this case is properly removable.

6  13.   Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment
7  of Defendants' right to assert any defense or affirmative matter including, but not limited to, the
8  defenses of lack of jurisdiction over the person, improper venue, insufficiency of process,
9  insufficiency of service of process, failure to state a claim, fraudulent joinder or any other
10 procedural or substantive defense available to Defendants.

Based on the foregoing, defendant hereby removes the State Court Action to this Court.

DATED this 9th day of February, 2015.

GREENBERG TRAURIG, LLP

BY:   /s/ Moorea L. Katz
      TYLER R. ANDREWS
      Nevada Bar No. 9499
      andrewst@gtlaw.com
      MOOREA L. KATZ
      Nevada Bar No. 12007
      katzm@gtlaw.com
      3773 Howard Hughes Parkway, Suite 400 North
      Las Vegas, Nevada  89169

      ***Attorneys for Defendants***

3

LV 420391820v1

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 (a) & (b)** on:

Scott A. Marquis, Esq.
smarquis@maclaw.com
Candice E. Renka, Esq.
crenka@maclaw.com
Attorneys for Plaintiff

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

**VIA CM/ECF E-FILING SYSTEM THROUGH E-SERVICE**

DATED this 9th day of February, 2015.

                                   /s/Sandy Jackson
                                   An employee of Greenberg Traurig, LLP

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

LV 420391820v1

# EXHIBIT A

Electronically Filed
01/05/2015 02:16:35 PM

CLERK OF THE COURT

**Marquis Aurbach Coffing**
Scott A. Marquis, Esq.
Nevada Bar No. 6407
Candice E. Renka, Esq.
Nevada Bar No. 11447
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
smarquis@maclaw.com
crenka@maclaw.com
　Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MICHAEL R. YAZDI, individually and on behalf of all persons similarly situated,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>CST USA, INC., a Delaware corporation dba Corner Store USA Holdings, Inc.; CST BRANDS, INC., a Delaware corporation; CST REAL ESTATE HOLDINGS, LLC, a Delaware limited liability company dba CST BRANDS REAL ESTATE HOLDINGS, LLC; CST REAL ESTATE HOLDINGS, INC., a Delaware corporation; CST BRANDS HOLDINGS, INC., a Delaware corporation; CST BRANDS HOLDINGS, LLC, a Delaware limited liability company; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: A-15-711856-C<br>Dept. No.: IV<br><br>**ARBITRATION EXEMPTION REQUESTED:**<br><br>**CLASS ACTION COMPLAINT** |

### COMPLAINT

Plaintiff MICHAEL R. YAZDI, individually and on behalf of all persons similarly situated, (hereinafter "Plaintiff") by and through his attorneys of record, the law firm of Marquis Aurbach Coffing, alleges and complains as follows:

### PARTIES

1.　Plaintiff MICHAEL R. YAZDI is an individual who resides in Clark County, Nevada.

Page 1 of 11

MAC:13913-001 2389210_1 1/5/2015 2:02 PM

2. Defendant CST USA, INC. is and was at all times relevant herein, a Delaware corporation doing business in Clark County, Nevada as dba CORNER STORE USA HOLDINGS, INC.

3. Defendant CST BRANDS, INC. is and was at all times relevant herein, a Delaware corporation doing business in Clark County, Nevada.

4. Defendant CST REAL ESTATE HOLDINGS, LLC, is and was at all times relevant herein, a Delaware limited liability company doing business in Clark County, Nevada as CST BRANDS REAL ESTATE HOLDINGS, LLC.

5. Defendant CST REAL ESTATE HOLDINGS, INC. is and was at all times relevant herein, a Delaware corporation doing business in Clark County, Nevada.

6. Defendant CST BRANDS HOLDINGS, INC. is and was at all times relevant herein, a Delaware corporation doing business in Clark County, Nevada.

7. Defendant CST BRANDS HOLDINGS, LLC is and was at all times relevant herein, a Delaware limited liability company doing business in Clark County, Nevada.

8. The names and capacities, whether individuals, corporate, associate or otherwise of Defendants named herein as DOE and ROE CORPORATION are unknown or not yet confirmed. Upon information and belief, said DOE and ROE CORPORATION Defendants are responsible for damages suffered by Plaintiff and, therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE CORPORATION Defendant at such time as the same has been ascertained.

9. Defendants are sued as principals or else agents of the principal Defendants. Based upon information and belief, Plaintiff alleges that all of the acts performed by agent defendants were performed within the course and scope of the actual or ostensible authority of the principal defendants, and the principal defendants ratified all of the acts of their agents.

10. Based upon information and belief, Plaintiff alleges that each of the Defendants is legally responsible in some manner for the events and happenings referred to in this complaint

Page 2 of 11

MAC:13913-001 2389210_1 1/5/2015 2:02 PM

and directly and proximately caused the damages and injuries to Plaintiff alleged in this complaint.

11. Based upon information and belief, Plaintiff alleges that each of the Defendants had the right and ability to control all of the illegal conduct alleged in this complaint. Without the participation, authorization, approval, or ratification by each of the Defendants, the illegal conduct that is the subject matter of this complaint would not have occurred.

## JURISDICTION AND VENUE

12. This Court possesses subject matter jurisdiction over this matter because Clark County, Nevada is the judicial district in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

13. Nevada state courts have general jurisdiction over claims arising under the TCPA. Edwards v. Direct Access, LLC, 121 Nev. 929, 932, 124 P.3d 1158, 1160 (2005).

14. Even if the damages under the TCPA do not meet the district court's jurisdictional threshold, if the plaintiff seeks injunctive relief, the injunctive relief claim triggers the district court's original jurisdiction over all claims. Edwards v. Emperor's Garden Restaurant, 122 Nev. 317, 324, 130 P.3d 1280, 1284 (2006).

15. Venue is proper in the Eighth Judicial District Court, Clark County, Nevada because Defendants conducted business in Clark County by using an automated telephone dialing system to send a telemarketing Text to Plaintiff's cell phone without prior written, express consent. Plaintiff received the automated Text while in Clark County, Nevada.

## NATURE OF THE ACTION

16. This is a proposed class action brought on behalf of consumers that received telemarketing text messages or short message service messages ("Texts") to their cell phones sent by an automated dialing system ("ATDS") by or on behalf of Defendants, for which Texts the Defendants never obtained express, written consent from the consumers.

17. Plaintiff alleges that Defendant's use of an ATDS to make telemarketing Texts to consumers' cell phones without prior express, written consent violates the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and the Nevada Deceptive Trade Practices

Page 3 of 11

MAC:13913-001 2389210_1 1/5/2015 2:02 PM

Act, ("NVDTPA"), NRS Chapter 598. Moreover, a violation of the TCPA is a *per se* violation of the NVDTPA. NRS 598.023(3).

18. The TCPA, as interpreted by Federal Communications Commission ("FCC") prohibits the use of an ATDS to make telemarketing Texts to consumers' cell phones unless the consumer has provided express, written consent.

19. Plaintiff brings this action in his individual capacity and on behalf of the classes of persons similarly situated, as defined below.

## GENERAL ALLEGATIONS

20. On or about November 11, 2014 at 6:53 a.m., Plaintiff received a Text from Defendants, which stated:

> CornerStore4U.com
> says : FREE Coca-Cola
> Life 8oz Bottle https://
> bit.ly/1tjnu4x

21. On or about November 11, 2014 at 8:06 a.m., Plaintiff received a Text from Defendants, which stated:

> CornerStore4U.com
> says : FREE Coca-Cola
> Life w-PLU CODE 8oz
> Bottle https://bit.ly/
> 1qR7BLe

22. On or about December 2, 2014 at 12:44 p.m., Plaintiff received a Text from Defendants, which stated:

> CornerStore4U.com
> says : FREE
> POWERADE 32 oz Any
> Life w-PLU CODE 8oz
> Flavor https://bit.ly/
> 1pzSTOH

23. Upon information and belief, the Texts were sent using an ATDS.

24. The Text was a telemarketing Text.

25. Plaintiff has never provided Defendants express, written consent to receive telemarketing Texts sent by an ATDS to his cell phone.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

26. Defendant knew or should have known that it did not have the prior express, written consent of Plaintiff or any other members of the classes to use an ATDS to make telemarketing Texts to their cell phones.

27. As a result of Defendant's conduct, class members have suffered damages in that they have been charged by their cell phone carrier for minutes, time, or usage for the Texts sent by Defendant.

28. As a result of Defendant's conduct, class members have suffered a violation of their right to privacy.

## CLASS ALLEGATIONS

## NATIONAL CLASS

29. Plaintiff brings this action pursuant to NRCP 23 as a class action on behalf of himself and on behalf of a National Class defined as:

> ALL PERSONS RESIDING IN THE UNITED STATES WHO RECEIVED A TELEMARKETING TEXT ON THEIR CELL PHONE, SENT BY AN AUTOMATED TELEPHONE DIALING SYSTEM BY OR ON BEHALF OF DEFENDANTS, WHO HAD NOT PROVIDED DEFENDANTS EXPRESS, WRITTEN CONSENT TO RECEIVE SUCH TEXTS, AND RECEIVED THE TEXT WITHIN THE FOUR YEARS PRIOR TO THE DATE OF THE FILING OF THIS COMPLAINT.

30. Plaintiff and members of the National Class received telemarketing Texts to their cell phones, sent by an ATDS by or on behalf of Defendant and had not provided Defendant express, written consent to receive such Texts, within the four years prior to the date of the filing of this Complaint, in violation of the TCPA.

## NEVADA CLASS

31. Plaintiff also brings this action on behalf of a Class comprised of Nevada residents ("Nevada Class") defined as:

> ALL PERSONS RESIDING IN NEVADA WHO RECEIVED A TELEMARKETING TEXT ON THEIR CELL PHONE, SENT BY AN AUTOMATED TELEPHONE DIALING SYSTEM BY OR ON BEHALF OF DEFENDANTS, WHO HAD NOT PROVIDED DEFENDANTS EXPRESS, WRITTEN CONSENT TO RECEIVE SUCH TEXTS, AND RECEIVED THE TEXT WITHIN THE FOUR YEARS PRIOR TO THE DATE OF THE FILING OF THIS COMPLAINT.

32. Plaintiff and members of the Nevada Class received telemarketing Texts to their cell phones, sent by an ATDS by or on behalf of Defendants and had not provided Defendants express, written consent to receive such Texts, and received such Texts within the four years prior to the date of the filing of this Complaint, in violation of the TCPA and the NVDTPA.

33. The requirements for maintaining this action as a class action under Rule 23 of the Nevada Rules of Civil procedure are satisfied:

34. **NUMEROSITY:** It is impracticable to bring all members of the National Class and the Nevada Class (collectively, "Class Members") before the Court. Plaintiff estimates that there are thousands of Class Members, geographically spread throughout the United States, and that their identities can be ascertained from Defendants' books and records. Attempting to join and name each Class member as a Co-Plaintiff would be unreasonable and impracticable.

35. **COMMONALITY:** There is a well-defined commonality of interest in the questions of law and fact involving Class Members in that all Class Members received telemarketing Texts, sent by an ATDS, to their cell phones, from Defendants in violation of the TCPA and NVDTPA.

36. **PREDOMINANCE:** There are questions of law and fact common to the Class Members, which are identical for each Class Member and which predominate over the questions affecting the individual Class Members, if any, which include:

   a. Whether Defendants violated the TCPA and the NVDTPA when using an ATDS to make telemarketing Texts to Class Members' cell phones without express, written consent;

   b. Whether Defendants used an ATDS to make the Texts;

   c. Whether the Texts were telemarketing Texts;

   d. Whether the Texts were sent to Class Members' cell phones;

   e. Whether the Class Members provided express, written consent to receive the Texts;

   f. Whether Plaintiff and Class Members are entitled to damages under the TCPA;

g. Whether Plaintiff and Class Members are entitled to damages under the NVDTPA;

h. Whether Plaintiff and Class Members are entitled to treble damages under the TCPA; and

i. Whether Plaintiff and Class Members are entitled to injunctive relief under the TCPA;

37. **TYPICALITY:** The claims of the Plaintiff are typical of the Class Members in that Plaintiff is informed and believes that each Class Member received a telemarketing Text from Defendants, sent using an ATDS to their cell phone without having provided express, written consent to Defendants. Also, there is uniformity in the federal and state legislation prohibiting the practice complained of and providing statutory damages that may be pursued in state court. In this action, Plaintiff and the Class Members seek an injunction prohibiting Defendants' using an ATDS to make telemarketing Texts to consumers' cell phones without express, written consent; damages; attorney fees; and costs incurred in the prosecution of this action.

38. **ADEQUACY:** Plaintiff is willing to devote the time necessary to serve as representative of the National Class and the Nevada Class and work with class counsel. Plaintiff's attorneys are experienced and knowledgeable in class action litigation in Nevada, and they will fairly and adequately represent the interests of the National Class and the Nevada Class and have no interests antagonistic to the class.

39. **SUPERIORITY:** There is no plain, speedy or adequate remedy other than maintenance of this class action since Plaintiff is informed and believes that a class action is superior to any other available means for the adjudication of this controversy.

a. This action will cause an orderly and expeditious administration of the Class Member's claims. A class action will save time, effort and expense, and will ensure uniformity of decisions at the lowest cost and with the least toll on judicial resources.

MAC:13913-001 2389210_1 1/5/2015 2:02 PM

    b. Because the loss suffered by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Class Members to individually seek redress. Plaintiff believes that Class Members, to the extent they are aware of their rights against Defendants, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages warranted and/or the value of individual injunctive relief.

    c. Hence, a class action is the only feasible means of recovery for the Class Members. Furthermore, without a class action, Class Members will continue to suffer damages and Defendants will continue to violate federal and state law, retaining and reaping the proceeds of their wrongful marketing practices.

40. **MANAGEABILITY**: There are no manageability problems due to variations in state laws or choice of law provisions, because the TCPA applies to the claims of all the Class Members asserted herein, and Nevada law applies to the Nevada Class. Further, the evidence proving Defendants' violation of the statutes is ascertainable through discovery. The identities of the Class Members are known by Defendants, and damages can be calculated from Defendants' records. Thus, this action poses no unusual difficulties that would impede its management by the Court as a class action.

## FIRST CLAIM FOR RELIEF

**(Violation of the Telephone Consumer Protection Act 47 USC § 227 et seq.)**

41. Plaintiff repeats and realleges the above paragraphs as though fully stated herein.

42. Defendants used an ATDS to make telemarketing Texts to the Class Members' cell phones without express, written consent from the Class Members.

43. By using an ATDS, Defendants were able to effectively send thousands of telemarketing Texts to thousands of consumers' cell phone numbers.

44. Upon information and belief, Defendants themselves used the ATDS to send the Texts or had a high degree of involvement in the sending of the Texts. For example, Defendant:

    a. Knew that the Texts were being sent with an ATDS;

Page 8 of 11

MAC:13913-001 2389210_1 1/5/2015 2:02 PM

      b.    Knew that the Texts were telemarketing Texts;

      c.    Knew that the Texts were being sent to Class Members' cell phones;

      d.    Knew that the Class Members had not provided express, written consent to receive such Texts;

      e.    Participated in preparing the content of the Texts;

      f.    Provided or obtained the cell numbers of the Class Members; and

      g.    Received compensation for or a benefit from making such Texts.

45.    As a result of Defendants' conduct, Plaintiff and the Class Members have suffered damages by being charged by their cell phone carriers for the minutes, time, or usage for the Texts sent by Defendants.

46.    As a result of Defendants' conduct, Class Members have suffered a violation of their right to privacy.

## SECOND CLAIM FOR RELIEF

### (Violation of the Nevada Deceptive Trade Practices Act NRS Chapter 598)

47.    Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

48.    Defendants willfully and knowingly violated the TCPA, which is a statute relating to the sale or lease of goods or services. NRS 41.600; NRS 598.0923(3).

49.    Defendants engaged in a deceptive trade practice.

50.    As a direct and proximate result of Defendants' deceptive trade practice, Plaintiff and Nevada Class Members have suffered damages in an amount to be proven at trial.

51.    Plaintiff and Nevada Class Members are victims of consumer fraud and are therefore entitled to damages as well as attorney fees and costs. NRS 41.600.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

52.    Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

53.    A genuine dispute exists between the parties regarding the Defendants' illegal Texts to Plaintiff and Class Members.

54.    The interests of the parties are adverse.

MAC:13913-001 2389210_1 1/5/2015 2:02 PM

55. This Court should declare that based upon the Defendants' violation of federal and Nevada law, that Plaintiff and Class Members are entitled to $500 damages per Text, treble damages for each Text, injunctive relief, attorney fees, and costs.

56. It has become necessary for Plaintiff and Class Members to engage the services of an attorney to prosecute this action; therefore, Plaintiff and Class Members are entitled to costs and attorney fees as special damages.

## FOURTH CLAIM FOR RELIEF

### (Attorney Fees as Special Damages)

57. Plaintiff repeats and realleges the paragraphs above as though fully stated herein.

58. As a direct and proximate result of Defendants' conduct, it has been necessary for Plaintiff and Class Members to retain the services of an attorney in order to prosecute this action and, therefore, Plaintiff and Class Members are entitled to an award of reasonable attorney fees and costs incurred herein as special damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1. Certification of the National Class and Nevada Class;

2. A Declaration that Defendants have violated the TCPA because they failed to obtain express, written consent to make the Texts to Plaintiff or the Class Members;

3. Judgment in the amount of $500 for Plaintiff and each member of the National Class and the Nevada Class for statutory damages for each Text received by them from Defendants;

4. Judgment in the amount equal to three times the damages to Plaintiff and the Class Members under the TCPA;

5. Granting extraordinary, equitable, and/or injunctive relief as permitted by law to ensure that Defendants will stop making the illegal Texts;

///

MAC:13913-001 2389210_1 1/5/2015 2:05 PM

6. For an award of reasonable attorney fees and costs of suit; and

7. For any further relief as the Court deems to be just and proper.

Dated this 5th day of January, 2015.

           MARQUIS AURBACH COFFING

           By *Candice E Renka*
           Scott A. Marquis, Esq.
           Nevada Bar No. 6407
           Candice E. Renka, Esq.
           Nevada Bar No. 11447
           10001 Park Run Drive
           Las Vegas, Nevada 89145
           Attorneys for Plaintiff

MAC:13913-001 2389210_1 1/5/2015 2:05 PM